**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA VALLEY MIWOK TRIBE CALIFORNIA, formerly the Sheep Ranch Rancheria of Me-Wuk Indians of California (a Federally Recognized Indian Tribe),<br><br>YAKIMA DIXIE (as Chief/Putative Member),<br><br>          Plaintiffs,<br><br>          vs.<br><br>SILVIA BURLEY (as possessor of Tribal records),<br><br>TROY BURDICK, Superintendant, Bureau of Indian Affairs, United States of America (as a trustee),<br><br>ONEWEST BANK (as property owner),<br><br>          Defendants. | Case No.: 09-CV-01900 (JAM GGH)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING COMPLAINT** |

ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING COMPLAINT

09-CV-01900

PDF created with pdfFactory trial version www.pdffactory.com

**ORDER**

On August 12, 2009, Plaintiffs California Valley Miwok Tribe California and Yakima Dixie's (collectively "Plaintiffs") Motion for Preliminary Injunction and Defendants'[1] Motions to Dismiss[2] came on for hearing before this court in Courtroom No. 6 of the federal courthouse at 501 I Street, Sacramento, CA 95814. Having considered the briefing on the motions, all pleadings and papers heretofore filed in this action, and the arguments of counsel, the Court DENIES Plaintiffs' Motion for Preliminary Injunction, and GRANTS Defendants' motions to Dismiss for the reasons set forth below:

1. Both Defendants have raised the issue of standing herein. Furthermore, the Court has the ability to dismiss the Complaint as to all defendants *sua sponte* if it finds that Plaintiffs lack standing to sue, *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1152 (2009). Plaintiffs herein do lack the necessary Article III standing to bring this suit. The California Valley Miwok Tribe is a Federally Recognized Indian Tribe. Plaintiffs have conceded that there is currently no "Federally Recognized Authority" for the Tribe. Thus, at the present time there is no individual or group that is recognized by the United States government as having the authority to speak or act on behalf of the Tribe as a whole.[3] Nor has Plaintiff Yakima Dixie demonstrated standing to bring this action individually. A plaintiff must himself have suffered "some threatened or actual injury resulting from the putatively illegal action . . . ." *Warth v. Seldin*, 422 U.S. 490, 499 (1975), *quoting Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973). A plaintiff cannot

---

[1] The Court was advised at the outset of the hearing that Plaintiffs were voluntarily dismissing all claims against Defendant OneWest Bank, FSB. Therefore, all references to "Defendants" herein refer only to Defendants Burdick and Burley.

[2] Defendant Burley filed a Motion to Dismiss with briefing in support thereof, which was heard with the consent of all counsel along with the Plaintiffs' Motion for Preliminary Injunction. Defendant Burdick filed a Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Preliminary Injunction, and additionally moved for dismissal of the Complaint orally at the hearing.

[3] The issue of whether the California Valley Miwok Tribe's current Tribal Council, with Defendant Burley as Chairperson, is a federally-recognized governing body is awaiting resolution in separate proceedings before the Ninth Circuit and the Interior Board of Indian Appeals. A final determination on this issue is still pending.

| ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING COMPLAINT | 1 | 09-CV-01900 |
|---|---|---|

PDF created with pdfFactory trial version www.pdffactory.com

rest his claim to relief on the legal rights or interests of third parties. *Id. citing Tileston v. Ullman*, 318 U.S. 44 (1943). Mr. Dixie has shown no threatened or actual injury herein that would suffice to confer standing upon him to sue.

2. This Court lacks subject matter jurisdiction over the action. Federal courts are courts of limited jurisdiction and may hear a case only if authorized to do so by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because the jurisdiction of the federal courts is limited, there is a presumption against jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations omitted). *See also Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991). When a defendant challenges subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff must bear the burden of establishing jurisdiction. Furthermore, the Court has an obligation to examine the issue of subject matter jurisdiction *sua sponte* and to dismiss the Complaint as to all defendants if the Court lacks subject matter jurisdiction to hear the action. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. Pro.12(h)(3). The Complaint does not cite, nor have Plaintiffs provided any citation to, any independent substantive statute or law which provides a legal basis for conferring federal subject matter jurisdiction in this Court.

3. Plaintiffs initiated this action prior to exhausting their administrative remedies. In June 2009, Plaintiffs filed petitions with the BIA raising the same issues presented in this Complaint. No response has yet been received. 25 C.F.R. 2.8 provides a mechanism for Plaintiffs to appeal the agency's lack of response through the Bureau of Indian Affairs' appeals process. This appeals process must be followed until a final agency decision is rendered, prior to filing suit in this Court. 25 C.F.R. 2.6. Additionally, there is currently pending an appeal by Defendant Burley (purportedly on behalf of the California Valley Miwok Tribe) before the Department of the Interior Board of Indian Appeals (IBIA 07-100-A) which may well resolve the issue before this Court, *i.e.* in whom the

| ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING COMPLAINT | 2 | 09-CV-01900 |

PDF created with pdfFactory trial version www.pdffactory.com

responsibility for the safekeeping of the tribal records and artifacts should be reposed. Plaintiffs represent that "[t]he ruling on IBIA 07-100-A is imminent." Exhaustion of remedies is a well-established doctrine of administrative law, which serves the purpose of promoting efficiency, since "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Because Plaintiffs have failed to exhaust their administrative remedies, this case must be dismissed.

4. Even if Plaintiffs had standing herein, or if there existed subject matter jurisdiction for this Court to hear Plaintiffs' action, the Motion for Preliminary Injunction must be denied because Plaintiffs have failed to allege or show that they will suffer irreparable injury unless a preliminary injunction issues against these Defendants. There has been no showing that there is a likelihood that the records and artifacts at issue herein will be lost or destroyed in the absence of injunctive relief. Such a showing is required before the extraordinary relief of preliminary injunction can issue. *Winter v. NRDC, Inc.*, 129 S.Ct. 365, 374 (2008).

Accordingly, and pursuant to these findings, the Court hereby ORDERS that Plaintiffs' Motion for Preliminary Injunction is DENIED, and that Plaintiffs' Complaint is, in its entirety, DISMISSED WITH PREJUDICE as to Defendant Silvia Burley and Defendant Troy Burdick.

**IT IS SO ORDERED.**

Dated:   August 28, 2009              /s/ John A. Mendez
                                      THE HONORABLE JOHN A. MENDEZ
                                      United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com